IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-3368-CV-S-MDH |
| ) | |
| DORIAN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Before this Court is the Government's Petition to Determine Present Mental Condition of an Imprisoned Person. In accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, this matter was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b). For the following reasons, the undersigned **RECOMMENDS** that Defendant be committed pursuant to 18 U.S.C. § 4246.

On November 21, 2011, Defendant was sentenced by the United States District Court for the Eastern District of Missouri to 100 months of imprisonment followed by three years of supervised release for the offenses of conveying false information about bombing a commercial aircraft and conveying a threat and false information about the destruction of life and property by explosives. (Doc. 1-1.) Given his mental health history, Defendant was transferred to the United States Medical Center for Federal Prisoners ("USMCFP") on September 27, 2018, for an evaluation pursuant to 18 U.S.C. § 4246. (Doc. 1-3.) This Petition followed. Attached to the Petition is the Risk Assessment Report by a Risk Assessment Panel comprised of medical experts at the USMCFP dated October 31, 2018. (Doc. 1-3.)

After reviewing Defendant's mental health history and criminal record, the panel diagnosed Defendant with Schizophrenia and Antisocial Personality Disorder. (*Id.*) The panel

detailed Defendant's childhood and criminal history, noting significant behavior problems beginning during his teenage years including one instance where he brandished a pellet gun, multiple assault convictions including one instance where he threatened to shoot another student, repeated supervision and probation violations, multiple threats against family and other inmates, threats to kill staff or officers involved in his supervision revocations, conveying false information about bombing a commercial flight, and an extensive list of violation reports and misconduct while in custody. (*Id.*) The panel detailed his vacillating mental health history, noting he was diagnosed with personality disorders early in life but discussing various determinations and opinions where, despite his incoherent and tangential speech, grandiose expressions or odd behaviors, he was found not to be experiencing psychotic symptoms and was not dangerous. (*Id.*) During the present evaluation, Defendant exhibited tangential and incoherent speech, was observed to exhibit strange, odd or loud and disruptive behavior, such as persistent yelling all night or changing his voice and speaking dramatically or very quickly and quietly, expressing delusional beliefs such as being a world class cyclist or a member of the military, or exhibiting auditory hallucinations and disorganized speech. (*Id.*)

After considering the factors in the Historical Clinical Risk Management tool, the panel observed that Defendant has suffered with mental illness since 1997, has a history of making violent threats and violent behavior, has no insight into his illness or need for treatment, has displayed cognitive and behavioral instability, and has no family support or coping skills. (*Id.*) They found that Defendant "demonstrates risk on almost every factor measured by the HCR-20 (17 of 20)," opining that "because of his active psychosis [at this time], and refusal to take psychiatric medications, combined with his long history of threats, possession of weapons and violence, [Defendant] appears to be at very high risk for violence at this time." (*Id.*) The panel

further noted that "[Defendant] is actively psychotic and refusing treatment . . . has been continuously housed on a locked unit since at least March of 2014[;] has no significant history of success when under supervision, and has frightened individuals in the community, particularly those who confront him about his delusional beliefs." (*Id*.) Thus, the panel concluded that his release would thus create a substantial risk of danger to others and recommended commitment pursuant to 18 U.S.C. § 4246.

Shawna M. Baron, Psy.D., licensed psychologist, attempted to conduct an independent evaluation of Defendant on January 8, 2019. (Doc. 7.) Because Defendant refused to participate in the evaluation, Dr. Baron's January 22, 2019 report was based only on a review of available records. (*Id*.) She also diagnosed the Defendant with Schizophrenia and Antisocial Personality Disorder, and opined that "given [Defendant's] well documented lack of insight into his mental illness or need for treatment, refusal to take psychiatric medications, and lack of psychiatric stability for any notable period of time, his prognosis for symptom remission is considered quite guarded." (*Id*.) She further found that Defendant's "history of threats, paranoia, and impulsivity are heightened during periods of active mental illness; especially when his fixed beliefs are challenged or when he perceives them to be challenged even in benign situations." (*Id*.) She concluded that due to the "pervasive nature" of Defendant's mental illness, poor insight, treatment noncompliance, history of aggressive and threatening behaviors, and active psychotic symptoms, Defendant is a substantial risk for harm to others or their property, and recommended commitment pursuant to 18 U.S.C. § 4246. (*Id.*)

On January 29, 2019, the undersigned held a hearing on this matter. (*See* Doc. 9) Defendant was not present but appeared by his attorney, David Mercer. (*Id.*) The United States was represented by Christina Scofield. (*Id.*) Efforts were made to obtain Defendant's appearance

at the hearing.  (*Id.*)  Candis Michelle Akin, Case Manager at USMCFP, testified she went to the Defendant's cell to advise him of the hearing and that his attorney was present to see him.  (*Id.*)  Ms. Akin testified that she attempted to explain the need for him to appear, but Defendant talked over her and kept repeating irrelevant phrases that were non-responsive.  (*Id.*)  She further testified Defendant did not exhibit an understanding of the hearing despite her explanations and providing the Defense attorney's information.  (*Id.*)  She described his refusal to put his hands out and submit to hand restrains in order to be transferred to the hearing room, and affirmed he was not capable of exiting his cell.  (*Id.*)  No additional evidence was offered.  (*Id.*)

The undersigned issued a Report and Recommendation on February 8, 2019, recommending Defendant be committed pursuant to 18 U.S.C. § 4246 based upon the above opinions of the USMFCP panel and Dr. Baron as well as Defendant's history of violence and the documented severity of his mental illness.  (Doc. 10.)  On April 25, 2019, the District Court held a hearing regarding defense counsel's objections to the Report and Recommendation arguing he was not afforded an opportunity to confer with his client prior to the hearing and that Defendant did not knowingly and intelligently waive his right to attend the hearing.  (Doc. 14.)  On May 7, 2019, the District Court granted Defendant's uncontested motion to stay the proceedings to allow defense counsel additional time to facilitate a meeting with Defendant.  (Docs 17 & 18).  On June 19, 2019, defense counsel filed a motion requesting an additional separate psychiatric or psychological exam, stating he was able to meet with Defendant on May 23, 2019, and that Defendant desired to actively participate in an independent mental evaluation.  (Doc. 19.)  The undersigned granted this motion on June 28, 2019.  (Doc. 18.)

Michael R. Walsh, Psy.D., licensed psychologist, subsequently conducted an additional independent evaluation of Defendant on August 23, 2019.  (Doc. 22.)  After a thorough review of

Defendant's history, Dr. Walsh agreed Defendant suffered from a mental disease and concurred with the panel's diagnosis of Schizophrenia, Multiple Episodes Currently in Partial Remission due to Medication Compliance and Antisocial Personality Disorder. (*Id.*) In his extensive report detailing his evaluation and findings, Dr. Walsh noted Defendant's periods of stability as well as non-compliance resulting in aggressive behavior. (*Id.*) He noted various incidents, commitment proceedings and documented mental health history and concerns, observing Defendant's history "has established that when in an unmedicated state, he evidences emotional dysregulation, perceptual distortions via internally-generated stimuli, and disorganized thinking that places at substantial risk the safety and wellbeing of the general public." (*Id.*) Dr. Walsh concurred with the panel's recommendations, noting Defendant's "history of failed attempts at a conditional supervised release" and his "absolute resolve to discontinue forced medication at his first available opportunity." (*Id.*) He concluded, "based on a reasonable degree of psychological certainty, because of [Defendant's] continuing partially remitted mental disease that is not presently fully modulated by his psychotropic medication despite his forced medication compliance, and based on his demonstrated history of engaging in serious threats of harm to others and threats of damage to the property of others while actively psychotic, [Defendant] currently present[s] a substantial risk of bodily injury to another person or serious damage to the property of another." (*Id.*)

On October 8, 2019, the undersigned held a second evidentiary hearing in this matter. (*See* Doc. 25.) Defendant was personally present, along with his attorney, David Mercer, and the United States was represented by Shane McCullough. (*Id.*) When asked if he believed he had a mental illness, Defendant testified he was not a doctor and not qualified to answer that question but responded he did not personally believe he had a mental illness. (*Id.*) He did acknowledge, however, he was aware that government experts filed a risk assessment report stating he has a

mental illness.  (*Id.*)  He also acknowledged he has been diagnosed with schizophrenia and further explained he received injectable medication every eighteen days designed to treat schizophrenia.  (*Id.*)  He agreed medication helped him and testified he would continue taking his medication and participating in treatment groups.  (*Id.*)  He denied he would be a danger to others or their property and explained that in the past he has been able to live in the community and provide for himself by working.  (*Id.*)  No additional evidence or testimony was offered.

Based upon the unanimous opinions of the panel at USMCFP and Drs. Baron and Walsh as well as the documented history of Defendant's mental disease, limited cognitive insight and repeated acts of aggressive behavior, the Government has established by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another and thus commitment under 18 U.S.C. § 4246 is appropriate.  Therefore, it is hereby **RECOMMENDED** that Defendant be committed pursuant to 18 U.S.C. § 4246.

       /s/ *David P. Rush*
       DAVID P. RUSH
       UNITED STATES MAGISTRATE JUDGE

DATE:   October 18, 2019